LEON STAMBAUGH, Appellant, v. NORA STAMBAUGH, Appellee.

No. 41277.

APRIL 5, 1932.

Ferguson & Ferguson, for appellant.

KINDIG, J.—On April 18, 1931, the plaintiff-appellant, Leon Stambaugh, commenced this action to obtain a divorce from his wife Nora Stambaugh, the defendant-appellee, and the custody of their minor son, Charles, then about two years of age.

The grounds for the divorce alleged by the appellant in his petition were: First, inhuman treatment; and, second, adultery. A notice of this suit was duly served upon the appellee, but she failed to appear or file a pleading of any kind in the divorce

proceeding. When the case came on for trial in the Page County district court, the appellant introduced evidence of the alleged adultery, but apparently no evidence was offered upon the other ground for divorce named in the petition. Although the evidence indicated that the appellee, after her marriage to the appellant, had committed adultery, nevertheless the district court denied the appellant a divorce on the apparent theory that he had condoned the aforesaid adulterous act. There is no plea of condonation interposed by appellee, for, as before explained, she filed no pleadings in the case, nor does she appear in this court. Under the evidence offered, condonation of appellee's wrongful act is not shown to the extent that it is a bar to appellant's application for divorce.

These parties were married at Red Oak on November 24, 1927. At that time the appellant was twenty-five years old and appellee nineteen years of age. Appellant was a farmer. The one child, Charles, was born to the appellant and appellee. Thereafter, however, appellee gave birth to another child named William. After the first child was born, appellant spent several months working in Chicago, and therefore could not have been the father of the second child, William, for the appellee remained in Page County, Iowa, during all that time. Appellee admitted to appellant and his brother that the child William was illegitimate. Also she named the father of her second son.

Charles, the first child, was kept in the home of appellant's parents, but the second boy, William, never lived in, or went to, this home. When appellant was working in Chicago, as before explained, appellee apparently kept house for different people near Shenandoah. It was during this time that she is said to have committed adultery. Upon several occasions, the appellee told appellant that she did not desire to live with him. She and her son William now live in Nebraska. Apparently appellant lived with appellee after he returned from Chicago before he learned of her adultery. But, as before suggested, there is neither a plea nor proof of condonation. Without such plea and proof, the alleged condonation is not a bar to a divorce. Inman v. Inman, 196 Iowa 845; Massie v. Massie, 202 Iowa 1311; Coulter v. Coulter, 204 Iowa 575; Nelson v. Nelson, 208 Iowa 713. See also 19 Corpus Juris, 88 and 89.

Consequently, under this record the appellant is entitled to

an absolute divorce dissolving the bonds of matrimony existing between him and the appellee. Likewise, appellant should have the care and custody of his minor son, Charles. This relief, under the record, should have been given him by the district court.

Wherefore, the judgment of the district court must be, and hereby is, reversed.—Reversed.

WAGNER, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.